FILED

2023 Nov-15 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

2023 NOV 15 A 10: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| JUMAR D. SIMS, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 2:22-cv-08039 LSC |
| | ) | (2:18-cr-00353-LSC-JHE) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPLY TO GOVERNMENT'S OPPOSITION TO SIMS'S SECTION 2255 MOTION

COMES Movant, Jumar D. Sims ("Sims"), appearing pro se, and files his Reply to Government's Opposition to Sims's Section 2255 Motion, and would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Sims respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. . *Caldwell v. Warden,* 748 F.3d 1090 (11th Cir. 2014); *Estelle v. Gamble,* 429 U.S. 97 (1976)(same); and *Haines v. Kerner,* 404 U.S. 519 (1972)(same).

## REPLY TO GOVERNMENT'S OPPOSITION

The Government's Opposition to Sims's Section 2255 Motion ("GO") is divided into three (3) main sections: (I) Procedural and Factual Summary; (II) Argument; and (III) Conclusion. See Doc. 9.[1] Sims will reply sequentially to each main section as follows:

### I.     Procedural and Factual Summary

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Northern District of Alabama, Southern Division in Civil No. 2:22-cv-08039 LSC, which is immediately followed by the Docket Entry Number. "

The government's opening of the GO states that Sims's motion should be denied. See Doc. 9 at 1. Sims objects. He states for the reasons below and the reasons previously stated in his original § 2255 Motion, his motion should be ruled on the merits and granted relief in the first instance.

Sims does not object to the Procedural and Factual Summary main section. See Doc. 9 at 1-5.

## II. Argument

This main section is divided into three subsections:

### A. Authority

The GO, after giving all of the authority under the *Strickland* standard in boiler plate fashion of ineffective assistance of counsel, contends [Doc. 9 at 5-8] that "As Sims has failed to meet his burden as to any of the claims he raises, they should be summarily denied." Doc. 9 at 8-9. Sims does not object to the *Strickland* standard of ineffective assistance of counsel stated in the first part of this subsection. However, Sims does object to the erroneous contention that Sims has failed to meet his burden and that his motion should be summarily denied for the reasons below and the reasons in his original § 2255 Motion.

### B. Counsel's alleged pretrial failures

According to the GO in this subsection, in evaluating counsel conduct in relation to plea negotiations in this case, this Court should presume counsel was effective. See Doc. 9 at 12. Sims objects and states as follows:

In reply to the government's arguments, it is essential to address the legal citations and principles cited in the government's response. Sims contends that his counsel provided ineffective assistance, and this response will challenge the government's position.

#### 1. Sims must prove four elements for prejudice

2

The GO relies on *United States v. Smith*, 983 F.3d 1213 (11th Cir. 2020), quoting *Lafler v. Cooper*, 566 U.S. 156 (2012) to assert that Sims must prove four elements for prejudice. However, Sims' argument is not based on "post hoc assertions" but on a failure to explain the consequences of a guilty plea, specifically the "career offender" designation. This distinction is significant because it relates to counsel's obligations to provide accurate and complete information to the defendant.

### 2. Sims' knowledge of the career offender designation

The government claims that Sims would have qualified as a career offender regardless of whether he pleaded guilty or went to trial. However, this argument overlooks the importance of counsel's duty to provide competent advice. Counsel's failure to explain the career offender consequences might have affected Sims' decision-making process. Sims' burden in proving prejudice is tied to counsel's failure to provide critical information about the plea, not solely the designation itself.

### 3. Lack of trial "strategy"

The government dismisses Sims' complaint about the lack of trial strategy without addressing whether counsel's failure to consider specific strategic choices constituted deficient performance. The government relies on *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir. 1991) to argue that Sims' claims lack specifics, but this overlooks the requirement for counsel to make reasonable and strategic choices. Counsel's strategic choices are subject to scrutiny if they fall below a certain standard of competence, as outlined in *Strickland v. Washington*, 466 U.S. 668 (1984).

### 4. The government's presumption of effective counsel

3

The government invokes *White v. Singletary*, 972 F.2d 1218 (11th Cir. 1992) to argue that counsel's performance should be presumed effective in relation to plea negotiations. However, the presumption of counsel's effectiveness does not absolve counsel of their duty to provide essential information to the defendant, especially information that could significantly affect the defendant's decision.

In summary, Sims' claims regarding ineffective assistance of counsel in the plea process are not conclusory, but revolve around counsel's failure to provide critical information and make reasonable strategic choices. The government's reliance on legal principles should not detract from the fact that counsel has specific obligations and that Sims' claims deserve a thorough and fair evaluation.

C.      Counsel's alleged sentencing failures

In reply to the government's arguments regarding Sims' counsel, Susan James', alleged sentencing failures, Sims maintains that his counsel's actions did indeed violate a constitutional standard and that, but for these errors, the outcome of the proceeding would have been different.

Regarding the objection to Sims's designation as a "career offender" under the guidelines, Sims asserts that his counsel's objection was not sufficiently strong or persuasive. Sims contends that his counsel failed to effectively challenge the application of the career offender designation, which had a significant impact on his sentence.

Furthermore, Sims argues that his counsel's objection to the statutory, recidivist sentencing enhancements under 21 U.S.C. § 851 was not pursued vigorously enough. Sims believes that a stronger objection could have resulted in a different sentencing outcome, considering the mandatory nature of these enhancements.

4

Regarding the objections to the guidelines drug weight and purity calculations, Sims asserts that his counsel did not adequately challenge the prosecution's calculations. Sims argues that there were errors in the determination of drug weight, which led to an inflated sentence. A more robust objection, Sims contends, could have led to a lower drug weight calculation and, consequently, a less severe sentence.

Additionally, Sims maintains that his counsel's failure to object to the sentence on reasonableness grounds was a crucial error. Sims argues that his attorney did not effectively present mitigating factors and compelling arguments that could have influenced the court to impose a more lenient sentence. Sims believes that a well-supported objection based on the sentence's reasonableness, combined with effective advocacy, could have resulted in a reduced sentence.

In summary, Sims contends that his counsel's deficient performance in failing to pursue these objections more vigorously resulted in a sentence that was harsher than necessary. Sims asserts that the court's sentence was not solely based on the facts of the case but was significantly influenced by these sentencing enhancements and calculations. Sims maintains that, had his counsel provided effective assistance and raised these objections more forcefully, he could have received a more favorable sentence.

### III. Conclusion

The GO concludes by stating that Sims's §2255 motion should be denied. Sims objects. He states for the above and foregoing reasons and the reasons previously presented in his original § 2255 Motion and Memorandum of Law in Support, Sims' sentence should be vacated so that he can plea anew, or be resentenced without the career offender and § 851 enhancements. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing so that Sims may further prove

5

his meritorious grounds for relief, resolve facts in dispute between the parties and expand an incomplete record.

Respectfully submitted,

Dated: October 25, 2023

JUMAR D. SIMS
REG. NO. 71820-019
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, a true and correct copy of the above and foregoing Reply to Government's Opposition to Sims's Section 2255 Motion was sent via First Class U. S. Mail, postage prepaid, to Austin D. Shutt, Assistant United States Attorney at U. S. Attorney's Office, 1801 4th Avenue North, Birmingham, AL 35203.

JUMAR D. SIMS

6

Jumar D. Sims
Reg. 71820-019
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635
October 25, 2023

Ms. Sharon Harris
Clerk of Court
U.S. District Court
Northern District of Alabama
Southern Division
1729 5th Avenue North
Birmingham, AL 35203

      RE:   *Sims v. United States*
             Civil No. 2:22-cv-08039-LSC
             Crim No. 2:18-cr-00353-LSC-JHE-1

Dear Ms. Harris:

    Enclosed please find and accept for filing Movant's Reply to United States' Response in Opposition to Defendant's Motion to Sim's Section 2255 Motion. Please submit this motion to the Court.

    Thank you for your assistance in this matter.

                  Sincerely,

                  JUMAR D. SIMS
                  Appearing *Pro Se*

*Encl. as noted*

Retail



35203

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
HOUSTON, TX 77070
OCT 25, 2023

**$1.59**

R2303S101806-13

Jumar D. Sims
Reg. 71820-019
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635

)aron Harris
)f Court
)istrict Court
:rn District of Alabama
:rn Division
th Avenue North
gham, AL 35203